UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT M. STEWARD,<br><br>    Petitioner,<br><br>    vs.<br><br>CLARK E. DUCART,<br><br>    Respondent. | No. 2:17-cv-0505-EFB P<br><br><br>MEMORANDUM AND ORDER |

Petitioner is a state prisoner proceeding without counsel with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] He challenges a judgment of conviction entered against him on August 20, 2015 in the Sacramento County Superior Court on charges of attempted carjacking. He seeks federal habeas relief on the following grounds: (1) that his rights were violated in an unspecified way by the admission into evidence of preliminary hearing testimony; (2) that his trial counsel rendered ineffective assistance in unspecified ways; and (3) he was denied unspecified appeal rights. Respondent has also addressed an insufficient evidence claim which petitioner presented to the California Supreme Court, but which is not explicitly raised in the immediate petition. Upon careful consideration of the record and the applicable law, petitioner's application for habeas corpus is denied.

---

[1] The parties in this action have consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

1

## I. Background

In its unpublished memorandum and opinion affirming petitioner's judgment of conviction on appeal, the California Court of Appeal for the Third Appellate District provided the following factual summary:

> At approximately 9:00 p.m. on April 17, 2015, Kerrye Wheeler was sitting in the driver's seat of her car at 3113 Huntsman Drive in Sacramento. Her window was open and she was talking to her 13–year–old son, Joey, who was sitting in the front passenger seat. An individual, later identified as defendant, approached the driver's side of the car and punched Wheeler in the face. Defendant told Wheeler to "[g]et out of the car" and said, "I'm not playing."
>
> After defendant struck Wheeler, Joey got out of the car and ran inside to get his father. Meanwhile, defendant reached inside Wheeler's car and opened the door. He then undid her seat belt, yanked her out of the car, and threw her into the street. Defendant got into the car and attempted to start it but was unable to do so. Eventually, defendant got out of the car and walked away, leaving some of his papers behind. A search of the car by the police revealed numerous papers with defendant's name on them.
>
> Defendant was charged by an amended information with attempted carjacking in violation of Penal Code sections 664 and 215, subdivision (a).[1] It was further alleged that defendant had served a prior prison term within the meaning of section 667.5, subdivision (b), and had suffered a prior serious felony conviction within the meaning of section 667, subdivision (a), which qualified as a strike (§§ 667, subds. (b)-(i), 1170.12).
>
> Following a jury trial, defendant was found guilty of the charged offense. In a bifurcated proceeding, the trial court found true the sentence enhancement allegations. The trial court sentenced defendant to an aggregate term of 15 years in prison, consisting of the upper term of four years and six months for the attempted carjacking, doubled to nine years for the prior conviction, plus five years for the prior strike and one year for the prison prior.

*People v. Steward*, 2016 WL 4249699, at *1 (Cal.App. 3 Dist., 2016) (unpublished) (footnote omitted).

## II. Standards of Review Applicable to Habeas Corpus Claims

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or

/////

2

application of state law.  *See Wilson v. Corcoran*, 562 U.S. 1,5 (2010); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Park v. California*, 202 F.3d 1146, 1149 (9th Cir. 2000).

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

For purposes of applying § 2254(d)(1), "clearly established federal law" consists of holdings of the United States Supreme Court at the time of the last reasoned state court decision. *Thompson v. Runnels*, 705 F.3d 1089, 1096 (9th Cir. 2013) (citing *Greene v. Fisher*, ___ U.S. ___, 132 S.Ct. 38 (2011); *Stanley v. Cullen*, 633 F.3d 852, 859 (9th Cir. 2011) (citing *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)).  Circuit court precedent "may be persuasive in determining what law is clearly established and whether a state court applied that law unreasonably." *Stanley*, 633 F.3d at 859 (quoting *Maxwell v. Roe*, 606 F.3d 561, 567 (9th Cir. 2010)).  However, circuit precedent may not be "used to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that th[e] [Supreme] Court has not announced." *Marshall v. Rodgers*, 133 S. Ct. 1446, 1450 (2013) (citing *Parker v. Matthews*, 132 S. Ct. 2148, 2155 (2012) (per curiam)).  Nor may it be used to "determine whether a particular rule of law is so widely accepted among the Federal Circuits that it would, if presented to th[e] [Supreme] Court, be accepted as correct. *Id.*  Further, where courts of appeals have diverged in their treatment of an issue, it cannot be said that there is "clearly established Federal law" governing that issue. *Carey v. Musladin*, 549 U.S. 70, 77 (2006).

A state court decision is "contrary to" clearly established federal law if it applies a rule contradicting a holding of the Supreme Court or reaches a result different from Supreme Court

3

precedent on "materially indistinguishable" facts. *Price v. Vincent*, 538 U.S. 634, 640 (2003). Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.[2] *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003); *Williams*, 529 U.S. at 413; *Chia v. Cambra*, 360 F.3d 997, 1002 (9th Cir. 2004). In this regard, a federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 412. *See also Schriro v. Landrigan*, 550 U.S. 465, 473 (2007); *Lockyer*, 538 U.S. at 75 (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'"). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103.

If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing court must conduct a de novo review of a habeas petitioner's claims. *Delgadillo v. Woodford*, 527 F.3d 919, 925 (9th Cir. 2008); *see also Frantz v. Hazey*, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised.").

/////

---

[2] Under § 2254(d)(2), a state court decision based on a factual determination is not to be overturned on factual grounds unless it is "objectively unreasonable in light of the evidence presented in the state court proceeding." *Stanley*, 633 F.3d at 859 (quoting *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004)).

4

The court looks to the last reasoned state court decision as the basis for the state court judgment. *Stanley*, 633 F.3d at 859; *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004). If the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, this court may consider both decisions to ascertain the reasoning of the last decision. *Edwards v. Lamarque*, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Richter*, 562 U.S. at 99. This presumption may be overcome by a showing "there is reason to think some other explanation for the state court's decision is more likely." *Id.* at 785 (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991)). Similarly, when a state court decision on a petitioner's claims rejects some claims but does not expressly address a federal claim, a federal habeas court must presume, subject to rebuttal, that the federal claim was adjudicated on the merits. *Johnson v. Williams*, ___ U.S. ___, ___, 133 S.Ct. 1088, 1091 (2013).

Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d). *Stanley*, 633 F.3d at 860; *Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003). "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." *Himes*, 336 F.3d at 853. Where no reasoned decision is available, the habeas petitioner still has the burden of "showing there was no reasonable basis for the state court to deny relief." *Richter*, 562 U.S. at 98.

A summary denial is presumed to be a denial on the merits of the petitioner's claims. *Stancle v. Clay*, 692 F.3d 948, 957 & n. 3 (9th Cir. 2012). While the federal court cannot analyze just what the state court did when it issued a summary denial, the federal court must review the state court record to determine whether there was any "reasonable basis for the state court to deny relief." *Richter*, 562 U.S. at 98. This court "must determine what arguments or theories . . . could have supported, the state court's decision; and then it must ask whether it is possible

5

fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id.* at 102. The petitioner bears "the burden to demonstrate that 'there was no reasonable basis for the state court to deny relief.'" *Walker v. Martel*, 709 F.3d 925, 939 (9th Cir. 2013) (quoting *Richter*, 562 U.S. at 98).

When it is clear, however, that a state court has not reached the merits of a petitioner's claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a federal habeas court must review the claim de novo. *Stanley*, 633 F.3d at 860; *Reynoso v. Giurbino*, 462 F.3d 1099, 1109 (9th Cir. 2006); *Nulph v. Cook*, 333 F.3d 1052, 1056 (9th Cir. 2003).

**III. Petitioner's Claims**

Respondent points out that petitioner's first three claims - (1) challenge to preliminary evidence; (2) ineffective assistance of counsel; and (3) denial of appeal rights – were not exhausted. ECF No. 16 at 5.[3] Under 28 U.S.C. § 2254(b)(2), however, the Court may deny an unexhausted claim on the merits "when it is perfectly clear that the [petitioner] does not raise even a colorable federal claim." *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005). The court does so here.

### A. Challenge to Preliminary Evidence

Petitioner challenges the introduction of preliminary hearing testimony into evidence at his trial. The Supreme Court, however, has never held that "admission of irrelevant or overtly prejudicial evidence constitutes a due process violation sufficient to warrant issuance of the writ." *Holley v. Yarborough*, 568 F.3d 1091, 1101 (9th Cir. 2009) (determining that trial court's admission of irrelevant pornographic materials was 'fundamentally unfair' under Ninth Circuit precedent but not contrary to, or an unreasonable application of, clearly established Federal law under § 2254(d)). The *Holley* court noted:

> The Supreme Court has made very few rulings regarding the admission of evidence as a violation of due process. Although the Court has been clear that a writ should be issued when constitutional errors have rendered the trial fundamentally unfair, it has not yet made a clear ruling that admission of irrelevant or

---
[3] Page number citations such as this one are to the page numbers reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

6

> overtly prejudicial evidence constitutes a due process violation sufficient to warrant issuance of the writ.

*Id.* (internal citations omitted). And petitioner has done nothing to explain how the introduction of "suspect identification" (ECF No. 1 at 6) evidence from his preliminary hearing actually rendered his trial unfair. Thus, relief on this claim is denied.

### B. Ineffective Assistance of Counsel

Petitioner also raises an ineffective assistance of counsel claim, the specifics of which are unclear. Under the 'supporting facts' for this claim petitioner lists: (1) objectable (sic) issues; (2) incriminating significance; (3) witness credibility; and (4) reasonable doubt throughout trial discovery. ECF No. 1 at 6. He fails to offer any elaboration which would permit the court to parse these vague contentions and is, therefore, not entitled to relief. *See James v. Borg,* 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.").

### C. Denial of Appeal Rights

Petitioner claims he was denied unspecified appeal rights "despite numerous appeal issues." ECF No. 1 at 6. Under the supporting facts for this claim, he simply states "procedure suspect indentification (sic)." *Id.* As with the previous claim, these allegations are too conclusory to warrant habeas relief. *See Borg*, 24 F.3d at 26.

### D. Insufficient Evidence

Respondent has addressed an insufficient evidence claim, though petitioner does not explicitly raise such a claim in his petition. In his petition for review to the California Supreme Court, however, petitioner appeared to argue that there was insufficient evidence that he committed the carjacking. ECF No. 17-7 at 2. The California Supreme Court summarily denied the petition. *Id.* at 1. The court will consider this claim out of an abundance of caution.

#### 1. <u>Legal Standard</u>

The Due Process Clause "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). There is sufficient evidence to support a

conviction if, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). "[T]he dispositive question under *Jackson* is 'whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt.'" *Chein v. Shumsky*, 373 F.3d 978, 982 (9th Cir. 2004) (quoting *Jackson*, 443 U.S. at 318). Put another way, "a reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith*, 565 U.S. 1, 2 (2011). Sufficiency of the evidence claims in federal habeas proceedings must be measured with reference to substantive elements of the criminal offense as defined by state law. *Jackson*, 443 U.S. at 324 n.16.

In conducting federal habeas review of a claim of insufficient evidence, "all evidence must be considered in the light most favorable to the prosecution." *Ngo v. Giurbino*, 651 F.3d 1112, 1115 (9th Cir. 2011). "*Jackson* leaves juries broad discretion in deciding what inferences to draw from the evidence presented at trial," and it requires only that they draw "'reasonable inferences from basic facts to ultimate facts.'" *Coleman v. Johnson,* 566 U.S. 650, 655 (2012) (citation omitted). "'Circumstantial evidence and inferences drawn from it may be sufficient to sustain a conviction.'" *Walters v. Maass*, 45 F.3d 1355, 1358 (9th Cir. 1995) (citation omitted).

If the record supports conflicting inferences, the reviewing court "must presume — even if it does not affirmatively appear in the record — that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *McDaniel v. Brown*, 558 U.S. 120, 133 (2010) (per curiam) (quoting *Jackson*, 443 U.S. at 326). In evaluating the evidence presented at trial, this court may not weigh conflicting evidence or consider witness credibility. *Wingfield v. Massie*, 122 F.3d 1329, 1332 (10th Cir. 1997). Instead, as noted above, the Court must view the evidence in the "light most favorable to the prosecution," *Jackson*, 443 U.S. at 319.

Juries have broad discretion in deciding what inferences to draw from the evidence presented at trial. This court may not "impinge[ ] on the jury's role as factfinder," or engage in "fine-grained factual parsing." *Coleman,* 566 U.S. at 655. As the Ninth Circuit has explained, "[t]he relevant inquiry is not whether the evidence excludes every hypothesis except guilt, but

8

whether the jury could reasonably arrive at its verdict." *United States v. Mares*, 940 F.2d 455, 458 (9th Cir. 1991). Under *Jackson*, the Court need not find that the conclusion of guilt was compelled, only that it rationally could have been reached. *Drayden v. White*, 232 F.3d 704, 709-10 (9th Cir. 2000).

"A petitioner for a federal writ of habeas corpus faces a heavy burden when challenging the sufficiency of the evidence used to obtain a state conviction on federal due process grounds." *Juan H. v. Allen*, 408 F.3d 1262, 1274 (9th Cir. 2005). Because this case is governed by the Anti-Terrorism and Effective Death Penalty Act, this court owes a "double dose of deference" to the decision of the state court. *Long v. Johnson*, 736 F.3d 891, 896 (9th Cir. 2013) (quoting *Boyer v. Belleque*, 659 F.3d 957, 960 (9th Cir. 2011)). *See also Coleman*, 566 U.S. at 651 ("*Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference."); *Kyzar v. Ryan*, 780 F.3d 940, 943 (9th Cir. 2015) (same).

### 2. **Analysis**

Sufficient evidence supports petitioner's conviction. As respondent points out, petitioner was identified multiple times, by multiple witnesses as the perpetrator. *See* ECF No. 17-3 at 42, 58, 75, 140-141. Additionally, documents in petitioner's name were found in Wheeler's vehicle. *Id.* at 100-103. On that evidence, the jury could reasonably have arrived at the guilty verdict at issue and this claim does not entitle petitioner to relief.

**IV. Conclusion**

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's application for a writ of habeas corpus (ECF No. 1) is denied;
2. A Certificate of Appealability shall not issue; and
3. The Clerk is directed to enter judgment accordingly and close the case.

DATED: May 1, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE